IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES EDWARD MOORE, ) <br> #1048050, ) <br>     Petitioner, ) <br> vs. ) <br> ) <br> DIRECTOR, TDCJ-CID, ) <br>     Respondent. ) | No. 3:22-CV-2025-D (BH) <br><br> Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the petitioner's *Motion for Bond - PR-Bond*, received March 6, 2023 (doc. 33), is **DENIED**.

Charles Edward Moore (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Hughes Unit, in Gatesville, Texas, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2001 conviction. (*See* doc. 3 at 1.)[2] On October 18, 2022, it was recommended that his petition be denied with prejudice as barred by the statute of limitations. (*See* doc. 14.) He subsequently sought to amend his petition, and now seeks to be released on bond pending determination of his habeas petition. (*See* docs. 25, 31, 33.)

Despite the "lack of specific statutory authorization," federal district courts have inherent power and jurisdiction to release prisoners, including state prisoners, on bail pending determination of a federal habeas corpus petition. *See In re Wainwright,* 518 F.2d 173, 174 (5th Cir.1975) (per curiam). In *Wainright*, the Fifth Circuit Court of Appeals "observe[d] without deciding that it that it is probably within the power of a United States magistrate [judge] to enlarge a state prisoner on bail pending district court consideration of his habeas corpus action." *Id.* at n. 1 (citing 28 U.S.C.

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page.

§ 636(a)(1)).

To show entitlement to release pending determination of his habeas petition, a state prisoner must show he "has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary and exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974) (per curiam)[3]; *see also Nelson v. Davis,* 739 F. App'x 254 (5th Cir. 2018) (per curiam) (applying *Calley* standard to denial of bail pending determination of a state prisoner's § 2254 petition); *Beasley v. Stephens*, 623 F. App'x. 192 (5th Cir. 2015) (same); *Lay v. Tanner*, 433 F. App'x. 327 (5th Cir. 2011) (same); *Tijerina v. Thaler,* 368 F. App'x 584, 585 (5th Cir. 2010) (same). *Nelson* noted that examples of "extraordinary circumstances" justifying release include "'serious deterioration of the petitioner's health while incarcerated'; where a short sentence for a relatively minor crime is 'so near completion that extraordinary action is essential to make collateral review truly effective'; and possibly where there has been an 'extraordinary delay in processing a habeas corpus petition.'" 739 F. App'x at 255 (quoting *Calley*, 496 F.2d at 702 n.1).

Here, Petitioner relies in conclusory fashion on the alleged merit of his habeas claims, despite the recommendation that his petition be denied with prejudice as time-barred. He has not made the required showing to justify release pending final determination of his habeas petition. Notwithstanding this failure, however, "[he] has not shown the existence of any 'extraordinary or exceptional circumstances' necessitating his release on bond to make the post-conviction remedy effective." *United States v. Roberts*, 250 F.3d 744, 2001 WL 274751, at *1 (5th Cir. 2001) (*per curiam*). Petitioner has not alleged any exceptional or "extraordinary circumstances" such as those

---

[3] The Fifth Circuit has noted that although *Calley* involved a habeas petitioner whose underlying conviction was in the military court system, it drew the legal standard in that case from *Aronson v. May*, 85 S.Ct. 3 (1964), which involved a civilian challenging his convictions in federal district court. *United States v. Pfluger,* 522 F. App'x 217, 218 n. 1. (5th Cir. 2013) (per curiam).

identified in *Calley*, or any circumstances similar or analogous to the examples set out in that case.

The motion for release on bond is **DENIED**.

**SO ORDERED this 9th day of March, 2023.**

                                                                                          _____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE