IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD MOORE, | ) | |
| #1048050, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:22-CV-2025-D (BH) |
| | ) | |
| DIRECTOR, TDCJ-CID, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the petitioner's *Motion to Amend Complaint (Based on New Facts, New Rules and Objection to Magistrates* [sic] (*Findings and Conclusions, and Recommendation)* [sic] *Plus Motion for Reconsideration.* [sic] *Motion for Bond*, received on December 21, 2022 (doc. 25), and *Motion to Amend, New Law, Motion for Reconsideration, New Law/Application For Certificate of Appealability/PR – Bond Requested*, received on February 14, 2023 (doc. 31). Based on the relevant filings and applicable law, the filings are construed as motions for leave to amend the petition under 28 U.S.C. § 2254 and **GRANTED**, and the included request for release on bond is **DENIED**. As supplemented, the *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, received on September 13, 2022 (doc. 3), should be **DENIED** with prejudice as barred by the statute of limitations.

## I.     BACKGROUND

Charles Edward Moore (Petitioner) filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2001 sentence and conviction in Cause No. F01-50173-T in the 283rd Judicial District Court of Dallas County, Texas. (*See* doc. 3.) On October 18, 2022, it was

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

recommended that the habeas petition be denied with prejudice as barred by the statute of limitations.  (*See* doc. 13.)  In response, Petitioner filed objections and several notices and memoranda on October 28, 2022, and November 15, 2022.  (*See* docs. 16, 18-23.)

On December 21, 2022, and February 14, 2023, respectively, Petitioner filed a 57-page motion and a 50-page motion, including exhibits; he objects to and requests reconsideration of the recommendation and to amend the § 2254 petition.[2]  (*See* docs. 25, 31.)  The motions include and expand on his original § 2254 arguments and grounds for relief, appear to add new allegations of judicial bias, and add new allegations regarding the tolling of, and actual-innocence exception to, the applicable statute of limitations. (*See generally id.*)  They also appear to allege civil claims unrelated to Petitioner's conviction and sentence, and request release on bond pending a determination of the petition.  The filings are liberally construed as motions for leave to amend the § 2254 petition and **GRANTED**, and the new allegations and claims are considered.

## II.    STATUTE OF LIMITATIONS

As discussed in the initial recommendation, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief.  *See* 28 U.S.C. § 2244(d).  Petitioner's conviction became final for purposes of § 2244(d)(1)(A) no later than June 9, 2003, when the Supreme Court denied his petition for a writ of certiorari.  *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("the 'conclusion of direct review' is when the Supreme Court either rejects the petition for certiorari or rules on its merits.").

In his motions, Petitioner now appears to argue that his claims relating to the alleged suppressed or incomplete medical records that were unavailable to him at trial and on appeal

---

[2] Petitioner also filed a 2-page motion to amend the § 2254 petition on November 15, 2022.  (*See* doc. 17.)  Because he filed a subsequent 57-page motion to amend, the 2-page motion was deemed moot on December 23, 2022.  (*See* doc. 28.)

"satisfy § 2244(B) requirement." (doc. 25 at 4.) To the extent this argument may be liberally

construed to implicate § 2244(d)(1)(B), Petitioner was aware of and had access to the alleged 34

pages of suppressed or incomplete medical records no later than December 2002.[3] (*See* No. 3:03-

CV-1808-G, doc. 1-2 at 8.) Even assuming for purposes of this motion only that his limitations

period did not begin to run under § 2254(d)(1)(B) until the alleged state impediment of suppressed

medical records was removed, i.e., when he first had access to the records, he did not file this

habeas action until over 19 years later.

Regarding § 2254(d)(1)(C), Movant alleges that that the Supreme Court's decisions in

*Johnson v. United States*, 576 U.S. 591 (2015), and *Welch v. United States*, 578 U.S. 120 (2016),

apply to his case. (*See* doc. 25 at 29-30.) In *Johnson*, the Supreme Court held that the imposition

of an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 18

U.S.C. § 924(e)(2)(B)(ii), which defines a prior violent felony conviction to include an offense

that "otherwise involves conduct that presents a serious potential risk of physical injury to

another," violated the Constitution's guarantee of due process because it was unconstitutionally

vague. *See Johnson*, 576 U.S. at 606. *Welch* held that the holding of *Johnson* was retroactively

available on collateral review. *See Welch*, 578 U.S. at 135. Petitioner was not convicted under

the residual clause of ACCA, so *Johnson* is inapplicable to his case and does not trigger a later

limitations date under § 2254(d)(1)(C).[4]

Regarding § 2254(d)(1)(D), Petitioner argues that the factual predicate for his ineffective

assistance of counsel claims did not and could not have become known until sometime in 2022,

---

[3] In his prior § 2254 petition challenging a companion conviction, Petitioner stated under penalty of perjury that the "34 pages of Medical Records from Baylor Hospital that conclusively proves [sic] the victim had no serious bodily injuries . . . . were made available for me on 12-29-02, for the first First Time." (No. 3:03-CV-1808-G, doc. 1-2 at 8.)

[4] Although Petitioner generally references "new laws," he does not identify or cite any other constitutional right newly recognized by the Supreme Court. (*See, e.g.,* doc. 25 at 3 (generally alleging that "[t]he new rule of law is IAC for bad advice"; doc. 31 at 1, 3 (citing recent Texas state bill as new law and referencing "new law for evidence")).

and that the factual predicate for his claim of judicial bias was not available until *In re Halprin*, 788 F. App'x 941 (5th Cir. 2019), was decided. (*See* doc. 25 at 4-6.) Petitioner's ineffective assistance of counsel claims are based on the performance of counsel at trial and on appeal; he has failed to allege the existence of any factual predicate for these claims that did not and could not have become known through the exercise of due diligence before his conviction became final under § 2244(d)(1)(A). Further, Petitioner's judicial bias claim is based on events and decisions by the trial judge that took place during the underlying criminal proceedings in the trial court, on appeal, and on discretionary review, as well as the trial judge's alleged role in suppressing the full medical records which Petitioner ultimately received in December 2002, and removing filings from the record in 2007.[5] (*See* doc. 25 at 5-6, 9, 12-14; doc. 31 at 7, 10.) Even accepting for purposes of this motion only that these dates constitute a factual predicate for a judicial bias claim, he still filed his § 2254 petition approximately 15 years after the latest alleged events in 2007.

Petitioner also appears to allege that the factual predicate for his challenges to the length of his sentence began on March 8, 2021, and September 29, 2022, when the enhanced portion of his sentence due to the deadly weapon determination caused him to remain incarcerated. (*See* doc. 25 at 11, 13-14.) The factual predicate for his claim was known or could have become known prior to the date his conviction became final on June 9, 2003, because the challenged affirmative deadly weapon finding and enhanced sentence of 30 years' imprisonment was imposed in 2001. *See State v. Moore*, No. F01-50173-T (283rd Jud. Dist. Ct., Dallas Cnty., Tex. June 13, 2001).

---

[5] Further, even if the Fifth Circuit's decision in *In re Halprin*, which did not involve his criminal case, provided a factual predicate for Petitioner's judicial bias claim under § 2254(d)(1)(D), the decision was issued on September 23, 2019, and Petitioner did not file this habeas action until nearly three years later.

Accordingly, Petitioner has failed to show that he timely filed his § 2254 petition under any of the provisions of § 2244(d)(1), and his petition is untimely in the absence of statutory or equitable tolling, or an applicable exception to the limitations period.

**A.    Equitable Tolling**

According to Petitioner, his trial and appellate attorneys "all committed a Fraud upon the court and Reported they gave me 'all' of the Medical Records, this is also perjury, but more oversight and IAC, but it Gives me 'Cause' to prove all my cases are entitle [sic] to Equittable [sic] tolling." (doc. 25 at 10-11.) Since 2003, however, Petitioner has filed numerous habeas petitions in state and federal court involving this conviction, its companion conviction, and the same medical records of which he complains here. Further, the medical records at the center of his claims against trial and appellate counsel have been in his possession since 2002, as discussed, but he did not file this habeas action based on those records until nearly 20 years later.

Petitioner has failed to show that he has been pursuing his rights diligently in this case or that some extraordinary circumstance prevented a timely filing, especially where he filed a timely § 2254 petition for his companion conviction imposed on the same day. He has therefore failed to meet his burden to show that he is entitled to equitable tolling.

**B.    Actual Innocence**

Petitioner contends that he "has a 'gateway' showing of Actual Innocence under the standard of *Schlup v. Delo*, 513 U.S. 298 and *House v. Bell*, 547 U.S. 518," and is therefore "entitle[d] to an equitable exception from the Limitations period." (doc. 31 at 17; *see also id.* at 14.)

In addition to reasserting the grounds for actual innocence raised in his original § 2254 petition, Petitioner adds to his arguments for actual innocence in his motions to amend. He claims

that he is actually innocent of the challenged offense because: (1) he exercised a "legal use of force" in the circumstances; (2) he did not use a deadly weapon, a tire tool, or a tire jack, but rather he used "nothing more than a coat hanger";[6] (3) the victim "said she was hit but she was never in fear of Life or had any risk of Death"; (4) the victim's injuries were "minor and superficial," consisting of a "small split in her skin"; and (5) 90-95% of the victim's injuries were self-inflicted. (doc. 25 at 5, 10, 14, 17-19, 27, 29; doc. 31 at 3-8, 12, 16-17.)

Petitioner's new allegations and arguments, and the alleged evidence on which they rely, at most challenge only the legal sufficiency of his conviction, and do not show actual innocence. *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) ("Actual innocence means 'factual innocence, and not mere legal insufficiency.'") (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). For one, to the extent he argues that he did not use a deadly weapon despite his judicial confession to the contrary, he repeatedly admits in his motions that he used a coat hanger during the offense and that multiple officers could testify to that. (*See* doc. 25 at 14, 29; doc. 31 at 6, 12.) In Texas, a "[d]eadly weapon" includes "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex. Pen. Code § 1.07(17). A coat hanger can constitute a deadly weapon under Texas law. *See, e.g.*, *Wright v. State*, 679 S.W.2d 23, 26-27 (Tex. App.—Tyler 1984, pet. ref'd). Also, as discussed, "[a] person can be found guilty of the offense of aggravated assault if he commits an assault with a deadly weapon and causes bodily injury *or* if he commits an assault and causes serious bodily injury." *Madden v. State*, 911 S.W.2d 236, 244 (Tex. App. –Waco 1995, pet. ref'd) (emphasis in original).

---

[6] Petitioner disputes his signed judicial confession admitting that a tire tool and a tire iron were used, and he argues that the "written judicial confession is Structural Error." (doc. 25 at 17.)

Petitioner has failed to satisfy the high burden for his gateway claim of actual innocence. He has not shown he is entitled to the actual-innocence exception to the AEDPA's statute of limitations, and his § 2254 petition, as supplemented by the motions to amend, should be denied as barred by the statute of limitations.[7]

### III.    CIVIL CLAIMS

As discussed, Petitioner also appears to raise civil claims that are unrelated to his conviction and sentence. (*See, e.g.*, doc. 25 at 13-14, 19, 25-26; doc. 31 at 13.) To the extent he seeks to assert separate claims against individuals or other entities, or to seek non-habeas relief, claims that do not challenge his custody may not be raised in this habeas action. Courts may only consider federal habeas petitions under 28 U.S.C. § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). Petitioner's non-habeas civil claims may be liberally construed either as a civil rights action under 42 U.S.C. § 1983, or as a mandamus action under 28 U.S.C. § 1651 that must be raised in a separate civil action against the appropriate parties. Because Petitioner may only raise habeas claims in this habeas case, his non-habeas civil claims should be dismissed without prejudice to seeking relief in a separate civil action. *See Davis v. Valdez*, No. 3:15-CV-3952-D (BH), 2016 WL 749899, at *2 (N.D. Tex. Jan. 4, 2016), *rec. adopted* 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).

If Petitioner wishes to pursue relief on any non-habeas civil claims, he must file a separate civil action using the appropriate forms and pay the applicable filing fees. The Prison Litigation

---

[7] To the extent Petitioner "requests a certificate of Appealability to determine whether the district court abused its discretion in denying petitioner [sic] request to develope [sic] his claim of Actual Innocence," his request is premature as no final order has been issued in this habeas case. (doc. 31 at 18; *see also id.* at 1); *United States v. Samuels*, 342 F. App'x 995, 996 (5th Cir. 2009) ("A certificate of appealability (COA) is required from 'the final order in a habeas corpus proceeding.'") (quoting 28 U.S.C. § 2253(c)(1)).

Reform Act (PLRA) requires that <u>all</u> prisoners who bring a civil action pay the full $402 filing fee. *See* 28 U.S.C. § 1915(b)(1).[8]  A prisoner who is granted leave to proceed *in forma pauperis* must still pay the full filing fee, but he is allowed to pay in installments that are automatically withdrawn from the prisoner's trust account.  Because of the filing fee, Petitioner's filings are not liberally construed as seeking to open a new case at this time.  The Clerk's Office is **INSTRUCTED** to forward Petitioner a copy of this Court's standard forms for filing a civil complaint and an application to proceed *in forma pauperis* in case he wishes to file a new civil action.

### IV.    REQUEST FOR BOND

Petitioner also appears to request a bond pending determination of his habeas petition.  (*See* doc. 31 at 9.)  He claims that "[o]ne of the primary Reasons why I'm Requesting a Bond is because I can make a Bond and hire an attorney, so I can prove my Factual Innocence." (doc. 31 at 9.)  His request for a bond is denied for the same reasons discussed in the orders entered on September 15, 2022, October 18, 2022, and March 9, 2023, denying his prior requests to be released on bond pending determination of his § 2254 petition.  (*See* docs. 10, 15, 34.)

### V.    RECOMMENDATION

Petitioner's *Motion to Amend Complaint (Based on New Facts, New Rules and Objection to Magistrates* [sic] (*Findings and Conclusions, and Recommendation)* [sic] *Plus Motion for Reconsideration.* [sic] *Motion for Bond*, received on December 21, 2022 (doc. 25), and *Motion to Amend, New Law, Motion for Reconsideration, New Law/Application For Certificate of Appealability/PR – Bond Requested*, received on February 14, 2023 (doc. 31), are construed as

---

[8] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*.  *See* District Court Miscellaneous Fee Schedule.  Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account.  *See id.*  The $52 administrative fee will not be deducted.  *Id.*

motions for leave to amend the petition under 28 U.S.C. § 2254 and **GRANTED**, and the included

request for release on bond is **DENIED**.   As supplemented, the *Petition Under 28 U.S.C. § 2254*

*for Writ of Habeas Corpus by a Person in State Custody*, received on September 13, 2022 (doc.

3), should be **DENIED** with prejudice as barred by the statute of limitations.

        **SIGNED this 10th day of March, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

        A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE